```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

LUCILLE R. KELLEY,              §
                                §
        Plaintiff,              §
                                §
v.                              §       CIVIL ACTION NO. H-08-1396
                                §
TEXAS WORKFORCE COMMISSION,     §
DIANE D. RATH, RON LEHMAN,      §
RONALD G. CONGLETON, HUMBLE     §
INDEPENDENT SCHOOL DISTRICT,    §
DR. MARY WIDMIER, ALICIA        §
BOSTON-MACE,                    §
                                §
        Defendants.             §
```

MEMORANDUM AND ORDER

Pending is Defendant Humble Independent School District's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule 12(b)(1) (Document No. 4).[1]  After carefully considering the motions, responses, replies, and the applicable law, the Court concludes that the motion should be granted.

I. Background

This is a *pro se* suit for recovery of unemployment benefits under Texas law.  Humble Independent School District ("Humble ISD") formerly employed Plaintiff Kelley ("Plaintiff") as a substitute

---

[1] Plaintiff filed her Amended Complaint (Document No. 6) after Defendant moved to dismiss Plaintiff's Original Complaint (Document No. 4).  Defendant renewed its Motion as to the Amended Complaint in the Rule 16 Conference held on September 24, 2008.

school teacher. Kelley, a Texas resident, seeks damages and declaratory relief against Humble ISD, two former employees of Humble ISD, and the Texas Workforce Commission ("TWC") and its three commissioners, for wrongfully denying her claims for unemployment benefits.

In 2004, Plaintiff filed two lawsuits in Texas state court challenging TWC's denial of her claims for unemployment benefits. *See* Document No. 4, Ex. A-B. TWC filed a plea to the jurisdiction in both cases contending that Plaintiff failed to meet the jurisdictional requirements of section 212.201 of the Texas Unemployment Act. Section 212.201(a) provides that suits challenging a TWC decision must be filed against all parties to the previous TWC proceeding fourteen days after the decision becomes final. TEX. LAB. CODE. § 212.201 (Vernon 1996).

Plaintiff sued TWC within the fourteen-day period, but did not join Humble ISD, which was a party to the TWC proceeding. *See* Document No. 4 at 2. As a result, the state district court dismissed both cases for failing to meet the jurisdictional requirements of section 212.201. *See* Document No. 4, Ex. A-B. Plaintiff appealed both decisions to the First Court of Appeals, which affirmed both dismissals. *See* Kelley v. Tex. Workforce Comm'n, No. 05-01109-CV, 2006 WL 3804444 (Tex. App.--Houston [1st Dist.] Dec. 28, 2006, pet. denied); Kelley v. Tex. Workforce Comm'n, No. 05-01110-CV, 2006 WL 3804451 (Tex. App.--Houston [1st

Dist.] Dec. 28, 2006, pet. denied). The Texas Supreme Court denied Plaintiff's petitions for review and her motions for rehearing. *See* Document No. 4, Ex. E-F.

Also in 2004, Plaintiff sued Humble ISD in Texas state court for age and race discrimination. The Texas district court granted Humble ISD's summary judgment motion and dismissed Plaintiff's case. The First Court of Appeals affirmed that judgment, and the Texas Supreme Court denied Plaintiff's petition for review. Then, Plaintiff filed the same discrimination suit in federal court. *See* Kelley v. Humble Ind. Sch. Dist., No. 07-3721 (S.D. Tex. Dec. 21, 2008) (Rosenthal, J.). The district court dismissed Plaintiff's lawsuit for failing to state a claim, *see* id. at 1, and the Fifth Circuit affirmed. *See* Kelley v. Humble Ind. Sch. Dist., No. 08-20086, 2008 WL 4472935, at *1 (5th Cir. October 3, 2008) ("It is clear the age-discrimination claim has been fully litigated in Texas state court . . . the district court correctly concluded that claim preclusion prevents Kelly's relitigating this claim in federal court.").

Five months later, Plaintiff filed this suit. Plaintiff asserts that she is "appealing the dismissal of [her state unemployment benefits lawsuits] for lack of jurisdiction." *See* Document No. 13 at 1.

II.   Discussion

A.   Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Humble ISD's motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction asserts that this Court lacks jurisdiction because Plaintiff's claims do not present a federal question and the parties are not diverse.  *See* Document No. 4.

   1.   Diversity Jurisdiction

Federal courts have diversity jurisdiction over controversies in which (1) the parties are completely diverse; and (2) the amount in controversy exceeds $75,000.  Plaintiff has not alleged an amount in controversy, but has alleged that she is a citizen of Texas.  *See* Document No. 6 at 20.  Defendant Humble ISD is a political subdivision of the State of Texas.  Parks v. Carriere Consol. Sch. Dist., 12 F.2d 37, 37 (5th Cir. 1926).  Accordingly, there is not diversity jurisdiction because the parties are not completely diverse.  *See* McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) ("'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than persons on the other side.'") (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).

4

2.   Federal Question Jurisdiction

For federal question jurisdiction to exist, a complaint must arise under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 118 S. Ct. 921, 925 (1998) (quoting Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987)). Under this standard, a pleaded federal claim confers jurisdiction unless "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Hagans v. Lavine, 94 S. Ct. 1372, 1382 (1974) (internal quotation omitted). Thus, dismissal for lack of jurisdiction is proper only when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 118 S. Ct. 1003, 1010 (1998).

Plaintiff's petition states that "[t]his is an Unemployment Benefit case filed under Texas Labor Code Section 207.041 of the Unemployment Compensation Act." See Document No. 1 at 1. Because Plaintiff asks for relief solely under a state statute, her Amended Complaint does not raise a federal question.

Plaintiff has alleged other bases for federal jurisdiction in subsequent filings. In her Response to Plaintiff's Motion to Dismiss (Document No. 5 at 1), Plaintiff argues that 28 U.S.C. § 1291 confers federal question jurisdiction on this Court. It does not. Section § 1291 addresses the appellate jurisdiction of the federal circuit courts to hear appeals of final judgments by federal district courts. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . .").

On September 23, 2008, Plaintiff filed her "Proposed Case Management Plan" and alleged that she is seeking relief under 18 U.S.C. § 245. *See* Document No. 13 at 2. Section 245 is a criminal statute proscribing infringement of certain federally protected activities. *See* 18 U.S.C. § 245. That statute does not confer a private right of action, so Plaintiff cannot sue under it. Williams v. Tri-County Cmty. Ctr., 452 F.2d 221, 223 n.3 (5th Cir. 1971) ("§ 245 is a criminal statute that in terms confers no rights. It prohibits and provides penalties for certain types of conduct relative to protected activities enumerated therein."); *accord* Kelly v. Rockefeller, 69 F. App'x 414, 415-16 (10th Cir. 2003). In sum, Plaintiff has not shown a basis for federal question jurisdiction.

6

### 3. Rooker-Feldman Doctrine

Plaintiff at the Rule 16 Conference explained that she had failed to obtain relief in the Texas state courts and now sought review of her TWC claims in this Court.  Her Complaint sometimes refers to this case as an "appeal."  The Rooker-Feldman doctrine prohibits federal courts from reviewing, modifying, or nullifying final orders of state courts.  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).  Liedtke v. State Bar of Texas, 18 F.3d 315 (5th Cir. 1994), provides an example of how the Rooker-Feldman Doctrine must be applied.  In Liedtke, the plaintiff sought a declaration to void the state district court's judgment disbarring him, and an injunction against enforcement of that judgment.  Id. at 317. Liedtke claimed that he was deprived of his procedural due process rights because the state district court disbarred him without providing him notice or an opportunity to be heard.  Id.  The plaintiff appealed to the state appellate court, which dismissed the appeal because he did not timely file the trial records.  Id. After his application for a writ of mandamus was denied, he filed suit in federal district court.  Id.  The Fifth Circuit dismissed the case for lack of jurisdiction despite recognizing that the plaintiff's due process rights were likely violated.  *See* id. ("Liedtke understandably contends that his disbarment violated due process in that he was not afforded a full and fair opportunity to

be heard . . . unfortunately we can give Liedtke no relief because of the firmly-established doctrine of Rooker/Feldman.").

The Fifth Circuit stated that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts."  Id.  The fact that the plaintiff recast his federal complaint in the form of a civil rights violation did not circumvent Rooker-Feldman.  See id.  Like the plaintiff's request for declaratory and injunctive relief in Liedtke, Plaintiff Kelley's claim here, when "stripped to essentials, is an attack on the judgment of the state district court."  Id.  Further, Plaintiff's suit is "inextricably intertwined" with the previous state proceeding because it requires this Court to examine the validity of the state courts' judgments. See id.

Here, Plaintiff's appeal was denied by the Texas Supreme Court.  Her final recourse would have been to apply for writ of certiorari to the United States Supreme Court, not to seek review or file a new case on the same subject in this Court.  See Liedtke, 18 F.3d at 318; see also Weekly, 204 F.3d at 615.

### III.  Order

Accordingly, it is

8

ORDERED that Defendant Humble ISD's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 4) is GRANTED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this <u>24th</u> day of October, 2008.

```
                    _____
                           EWING WERLEIN, JR.
                        UNITED STATES DISTRICT JUDGE
```